**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  12-5581 |
| ) | |
| DARREN WESLEY HUFF, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO LETTER REGARDING REMOVAL OF COUNSEL**

**COMES** duly appointed counsel for the Defendant-Appellant, DARREN WESLEY HUFF, and responds to the letter dated December 5, 2012 by Mr. Huff to this Court that requests the appointment of new counsel, on the grounds that counsel "has repeatedly failed to keep [him] informed of the developments of [the] appeal . . . ." Mr. Huff also notes that he "do[es] not wish to delay justice," notwithstanding that he also asks for "a six month extension in order to prepare" his appeal.  He ends by requesting "all documentation contained in the docket sheet of the district court . . . ."

Counsel responds to Mr. Huff's statements as follows:

(1)     Mr. Huff has written to counsel on several occasions.  Counsel has received letters from Mr. Huff dated August 13, 2012; August 22, 2012; September 11, 2012; September 23, 2012; and October 9, 2012 (a letter which was copied to this Court by Mr. Huff).  Thus, beginning with the initial letter from Mr. Huff, he wrote to appointed counsel every 10-20 days between mid-August and mid-October 2012.  In these letters Mr. Huff demanded that I obtain various transcripts for him to

1

review; posed numerous questions about matters that occurred (or not) at trial; and made requests that counsel does not believe to be relevant to the scope of his appointment to prosecute his appeal. Counsel has responded by sending Mr. Huff copies of all the documents and transcripts requested, as counsel received the transcripts or was able to print the documents from the electronic case file; these document transmittals to Mr. Huff took place in correspondence dated September 21, 2012; September 27, 2012; October 1, 2012; October 8, 2012; October 10, 2012; October 15, 2012; and October 24, 2012.

Additionally, in letters dated August 17, 2012, August 30, 2012, September 17, 2012, and October 3, 2012, counsel has attempted to answer most of the questions reasonably posed by Mr. Huff, notwithstanding that many of the questions were worded in a provocative manner, and were apparently designed to inflame the sensibility of counsel (such as many of the questions and/or comments in the letter of Mr. Huff dated October 9, 2012 that was sent to this Court); other questions (such as, "When is the alleged completion date for the transcripts (**all** of them)?") could not be answered by counsel; indeed, counsel attempted to convey to Mr. Huff the inability to answer such questions. Counsel has also attempted, in his correspondence with Mr. Huff, to advise Mr. Huff that there are inherent delays in any appeal — such as the time to have transcripts prepared — and that he cannot dictate to the Court how and when things <u>must</u> be done.

(2)     Counsel did not apprise Mr. Huff of the initial briefing schedule, inasmuch as counsel — based on his 20 years' experience in appellate practice before this Court — reasonably anticipated that such briefing schedule would be changed by one or more enlargements of time regarding the filing dates of the appellate Briefs. As this Court know, such changes are made for various reasons, such as the necessity to supplement the record on appeal with additional transcripts, or exigencies

and/or unplanned events in the schedules of respective counsel that are beyond their control necessitating additional time to work on the appellate Briefs. Certainly, it is my practice to always send a client a copy of the appellate Brief that is filed on his or her behalf; and that is what will be done with Mr. Huff as well.

(3) As this Court knows, the Brief of Mr. Huff presently is due later this month. Considering Mr. Huff's desire to have this case proceed expeditiously on appeal, it may be the better practice to allow counsel to proceed with filing the Brief on behalf of Mr. Huff.

Respectfully submitted this 4th day of January, 2013.

                          **GULLEY OLDHAM, PLLC**

                          ____/s/ Gerald L. Gulley, Jr._____
                          GERALD L. GULLEY, JR., Esq.
                          (Tenn. BOPR #013814)
                          Attorney for Darren Wesley Huff

P.O. Box 158
Knoxville, Tennessee 37901
(865) 934-0753

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this the foregoing document was sent to all counsel of record in this cause by sending a copy of same via electronic case filing, and to the Defendant by United States Mail with prepaid first-class postage thereon sufficient to cause delivery, as follows:

> JEFFREY E. THEODORE, Esq.
> A. WILLIAM MACKIE, Esq.
> **OFFICE OF THE U.S. ATTORNEY**
> 800 Market Street, Suite 211
> Knoxville, Tennessee 37902
>
> DARREN WESLEY HUFF
> USM No.: 32789-074
> **F.C.I. — TEXARKANA**
> P.O. Box 7000
> Texarkana, Texas 75505

This the 4th day of January, 2013.

By:   \_\_\_\_\_/s/ Gerald L. Gulley_____
          Attorney
